IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| Evelyn Evans, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   4:23-cv-27 |
| Heyman Law, LLC, an Ohio limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Evelyn Evans, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Evelyn Evans ("Evans"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to Saratoga Place Apartments.

4. Defendant, Heyman Law, LLC ("Heyman"), is an Ohio limited liability company and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail, and/or the telephone, and/or credit

1

reporting, to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Heyman operates a nationwide default debt collection business and attempts to collect debts from consumers in most states, including consumers in the State of Indiana. In fact, Defendant Heyman was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Although Defendant Heyman is not authorized to conduct business in the State of Indiana, Defendant does, in fact, conduct business in Indiana.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed to Saratoga Place Apartments. Defendant Heyman attempted to collect this debt from her via negative credit reporting.

7. Unsure about Defendant Heyman, and unsure about the debt, Ms. Evans consulted with counsel about her debt issues and the debt that Heyman was trying to collect.

8. Accordingly, Ms. Evans' attorney wrote to Defendant Heyman, via a letter dated August 31, 2022, to notify it that Ms. Evans was represented by counsel, and that she disputed the debt that Heyman was trying to collect. A copy of this letter is attached as Exhibit A.

9. This letter was sent to and received by Defendant Heyman via fax. The facsimile phone number 513-672-2583 number was listed on Defendant's website for contact information. The contact information from Heyman's website is attached as Exhibit B.

10. On October 31, 2022, Ms. Evans obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant Heyman had continued to report the debt she allegedly owed but had failed to note that the debt was disputed. The pertinent parts of Ms. Evans' TransUnion credit report is attached as Exhibit C.

11. Defendant's violations of the FDCPA was material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

12. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

13. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Evans, and negatively impacted her credit score.

14. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits debt collectors from using any

false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-54 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

17. Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

18. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21. Defendant, by continuing to report the debt to the credit reporting

agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect a debt, in violation of § 1692f of the FDCPA.

22.  Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Evelyn Evans, prays that this Court:

1.  Find that Defendant's collection practices violate the FDCPA;

2.  Enter judgment in favor of Plaintiff Evans, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

Evelyn Evans,

By: s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: February 27, 2023

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com